UNITED STATES of America, Plaintiff—Appellee,

v.

Alejandro GARCIA–BOLANOS, Defendant—Appellant.

Nos. 06–30116, 06–30117.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy Staab, Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT and BEA, Circuit Judges.

## MEMORANDUM **

Alejandro Garcia–Bolanos appeals the 21–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation in violation of 8 U.S.C. § 1326 and the 12–month consecutive sentence imposed following revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Garcia–Bolanos contends that his 21–month sentence is unreasonable because the district court refused to reduce his sentence to account for the "unwarranted" sentencing disparities caused by the lack of fast-track systems in some districts. As Garcia–Bolanos acknowledges in his brief, this contention is foreclosed by *United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.2006) (concluding that "the disparity between Appellants' sentences and the sentences imposed on similarly situated defendants who are not prosecuted in fast-track districts is not unwarranted").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Garcia–Bolanos also contends that his 12–month sentence is unreasonable because the district court's primary reason for the revocation sentence was an impermissible factor. We disagree. The record reflects that the district court considered the proper factors listed in 18 U.S.C. § 3583(e).

**AFFIRMED.**